IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RACHEL L. SLATON, | : | |
|            Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-201 (WLS) |
| | : | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | : | Social Security Appeal |
| | : | |
|            Defendant. | : | |
| | : | |

**RECOMMENDATION**

This is a review of the final decision of the Commissioner of Social Security denying Plaintiff Rachel L. Slaton's claim for period of disability, disability insurance benefits, and supplemental security income. Because the Commissioner's final decision is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the decision be **AFFIRMED**.

BACKGROUND

At the time of the administrative hearing, Plaintiff was 30 years old. Plaintiff suffered from the severe impairments of obesity, degenerative cervical/lumbar disc disease status with history of anterior cervical discectomy and fusion in September 2010, diabetes mellitus, hypertension, and osteoarthritis of her knees. Prior to the alleged onset date of November 3, 2006, Plaintiff worked as a hospital cleaner, a laundry worker, a labeler, a hand packager, a compression molding machine tender, and a food assembler. On February 16, 2010, Plaintiff applied for period of disability, disability insurance benefits, and supplemental security income. Her applications were denied initially and upon reconsideration. Following an administrative hearing on March 13, 2012, the Administrative Law Judge (ALJ) issued a written decision

finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's written decision. On June 7, 2013, Plaintiff filed the instant case.

## STANDARD OF REVIEW

Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Under this limited standard of review, a reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Where substantial evidence supporting the ALJ's factual findings exists, reviewing courts cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's factual findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Even so, the failure to apply the correct legal standards or to provide a sufficient factual basis for the reviewing court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant bears the burden of proving her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). First, the Commissioner determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of her RFC, age, education, and work experience.

## DISCUSSION

The Commissioner's final decision must be affirmed because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. Plaintiff argues that the Commissioner's decision is flawed because the ALJ improperly discounted the medical opinion of her treating physician Dr. Taunton. More specifically, Plaintiff contends that the ALJ should have assigned greater weight to the findings set forth by Dr. Taunton in a two-paragraph letter of disability, which is dated January 20, 2012. As discussed below, however, review of the complete administrative record establishes that the ALJ thoroughly and properly evaluated the medical opinion of Dr. Taunton.

**ALJ's Findings**

At step one of the five-step sequential evaluation procedure, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 3, 2006. AR 21. At step two, the ALJ concluded that Plaintiff suffered from the severe impairments of obesity, degenerative cervical/lumbar disc disease status with history of anterior cervical discectomy and fusion in September 2010, diabetes mellitus, hypertension, and osteoarthritis of her knees. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that either met or medically equaled one of the listed impairments set forth in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations. Id. at 22.

Consequently, before moving to step four, the ALJ considered Plaintiff's RFC. The ALJ determined that Plaintiff had the RFC to perform "sedentary work" as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a) with certain exceptions. AR 22. Specifically, Plaintiff could stand/walk for 2 hours and sit for 6 hours with normal breaks in her workday, but Plaintiff should have the opportunity to alternate between sitting and standing at 30 minute intervals for approximately 5 minutes. Id. Plaintiff also could lift/carry 10 pounds occasionally and less than 10 pounds frequently. Id. Even so, Plaintiff should not climb ladders, ropes, or scaffolds. Id. Plaintiff could handle/finger frequently and perform overhead reaching occasionally. Id. Plaintiff also could perform simple tasks due to her alleged pain distraction. Id.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. AR 29. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff was able to perform based on her age, education, work

experience, and RFC, including, charge account clerk, order clerk, and document preparer. Id. at 29-30. Therefore, the ALJ concluded that Plaintiff was not disabled. Id. at 30.

## Dr. Taunton's Medical Opinion

Medical opinions are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); 20 C.F.R. § 416.927(a)(2). When determining what weight to assign a medical opinion, the ALJ should consider the following factors: (1) whether the source examined the claimant; (2) whether the source was a treating physician; (3) the length of the treatment relationship and the frequency of examination; (4) the nature and extent of the treatment relationship; (5) whether the source identified relevant evidence to support the opinion; (6) consistency with the complete record; (7) the specialization of the physician; and (8) other relevant factors. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). Even so, the ALJ should not attribute any special significance to an opinion that the claimant is disabled or that the claimant's impairments meet or equal any relevant listing because such an opinion is not a medical opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). Instead, it is an opinion on an issue expressly reserved to the Commissioner. Id.

In this case, the record establishes that Dr. Taunton periodically treated Plaintiff for various ailments, including lower back pain, urinary tract infection, perionychia of the right ring finger, breast tenderness, obesity, and insomnia, between April 2008 and January 2012. AR 236-256; AR 356-379. According to Dr. Taunton's office records, during this same period, Plaintiff's weight fluctuated between 334 pounds and 365.6 pounds, and the importance of diet, weight loss, and exercise to treat Plaintiff's obesity were discussed with her on multiple occasions. Id.

Dr. Taunton also prescribed medication for Plaintiff in response to her complaints about having difficulty losing weight. AR 358. On January 10, 2012, Plaintiff requested a letter from Dr. Taunton's office to support her pending disability applications. AR 356. Ten days later, on January 20, 2012, both Dr. Taunton and PA Harrell signed a two-paragraph letter of disability, which discussed Plaintiff's "longstanding history of back problems." AR 380. The letter of disability further opined that "[Plaintiff] is not able to maintain gainful employment due to her medical condition and I recommend that her disability is approved." Id.

The ALJ properly evaluated the medical opinion of Plaintiff's treating physician Dr. Taunton. After accurately describing Dr. Taunton's medical opinion and the various findings in Dr. Taunton's office records as well as the two-paragraph letter of disability, the ALJ determined that "[w]hile I have considered the opinions expressed in the letter from Dr. Taunton as those of a treating physician, I nonetheless afford them little weight" because "Dr. Taunton's own treatment notes do not reflect symptoms or limitations to the degree purported in this letter" and because "the record reflects [Plaintiff's] major problem is her morbid obesity, which Dr. Taunton does not address in his letter." AR 23-24; AR 26-27.

By assigning little weight to the findings in the two-paragraph letter of disability signed by Dr. Taunton, the ALJ correctly evaluated Dr. Taunton's medical opinion in accordance with proper legal standards. Generally, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis, 125 F.3d at 1440. Even so, "good cause" exists to discount the medical opinion of a treating physician where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241. Here, the ALJ clearly articulated why

6

"good cause" existed to discount the findings in the two-paragraph letter of disability, namely because this aspect of Dr. Taunton's medical opinion was not bolstered by the overall evidence and was inconsistent with Dr. Taunton's own medical records. Id. The ALJ also properly evaluated the findings in the two-paragraph letter of disability not only because Dr. Taunton did not identify any specific relevant evidence, including medical signs and laboratory findings, to support this aspect of Dr. Taunton's medical opinion, but also because this aspect of Dr. Taunton's medical opinion was not consistent with the record as a whole. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). Additionally, there was no reason for the ALJ to afford special significance to Dr. Taunton's statements about Plaintiff being disabled or unable to work, which were "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive." 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).

Insofar as Plaintiff argues that the ALJ should have recontacted Dr. Taunton, recontacting a treating physician is one of several possible options to resolve specific inconsistencies or insufficiencies in the evidence. 20 C.F.R. § 404.1520b(c)(1); 20 C.F.R. § 416.920b(c)(1). Here, however, Plaintiff fails to show that recontacting Dr. Taunton was necessary because there is no indication that the evidence was inconsistent or insufficient, and because review of the complete administrative record establishes that the record before the ALJ was adequately developed. See id.; see also SSR 96-2P ("Ordinarily, development should not be undertaken for the purpose of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise adequately developed."). Similarly, to the extent that Plaintiff contends that the ALJ should have assigned greater weight to other unspecified sources of information on which Dr. Taunton may have based his medical opinion or that the ALJ should not have stated that Dr. Taunton's notes about Plaintiff's spinal tenderness appear to be "in large part

7

subjective," Plaintiff fails to acknowledge "the narrowly circumscribed nature" of judicial review in this case. Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005). A reviewing court is precluded from "'re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] [...] even if the evidence preponderates against' the decision." Id., quoting Bloodsworth, 703 F.2d at 1239. Finally, insofar as Plaintiff argues that the ALJ improperly evaluated the impact of Plaintiff's obesity pursuant to SSR 02-1P, Plaintiff altogether ignores that the ALJ's written decision expressly states that "I have specifically considered the effects of [Plaintiff's] obesity under SSR 02-1P." AR 22. Where, as here, the ALJ determined that Dr. Taunton's medical opinion would receive little weight under proper legal standards and substantial evidence supports the determination that Plaintiff is not disabled; there is no basis to disturb the ALJ's evaluation of Dr. Taunton's medical opinion.

## CONCLUSION

Because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of July, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

8