IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RACHEL L. SLATON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 5:13-CV-201 (WLS) |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is a July 22, 2014 Report and Recommendation from United States Magistrate Judge Charles H. Weigle on this Social Security appeal. (Doc. 19.) Judge Weigle reviewed the Administrative Law Judge's (ALJ) determination that Plaintiff is not disabled for support by substantial evidence. Judge Weigle recommends the Court affirm the Commissioner's decision.

The Report and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 19 at 8.) Plaintiff timely filed her objections on August 5, 2014. (Doc. 20.) In her objection to the Recommendation (Doc. 20), Plaintiff reasserts her claims that the ALJ improperly assigned less weight to a January 20, 2012 letter from her treating physician, Dr. Taunton, and that the ALJ improperly utilized evidence of Plaintiff's disability. (Doc. 20 at 1-2.)

The Court agrees with Judge Weigle that the ALJ's disability determination is supported by substantial evidence. The Commissioner's factual findings are deemed

1

conclusive if supported by substantial evidence, and a court may not reweigh the evidence in determining whether an ALJ's decision was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Plaintiff contends that the ALJ should have assigned greater weight to the January 20, 2012 letter from Dr. Taunton, which described Dr. Taunton's various findings and concluded that Plaintiff is "not able to maintain gainful employment due to her medical condition." (Docs. 20 at 2-3; 12-8 at 69.) The Court agrees with Judge Weigle's finding that the ALJ properly discounted this letter for "good cause," namely for its failure to mention Plaintiff's obesity, for which she was treated by Dr. Taunton and which other doctors found to be significant, and its conclusory opinion that Plaintiff should be found disabled and unable to maintain gainful employment. (Doc. 19 at 6-7.) *Phillips v. Barnhart*, 357 F.3d. 1232, 1240-41 (11th Cir. 2004).

The Court also agrees with Judge Weigle that the ALJ did not improperly consider Plaintiff's obesity. (Doc. 19 at 8.) Plaintiff maintains that the ALJ improperly faulted Plaintiff for failing to lose weight "when all the doctors have done is recommend or advise a patient to lose weight." (Doc. 20 at 4.) The Court agrees that the ALJ properly considered Plaintiff's obesity in weighing Dr. Taunton's letter insofar as the letter did not mention obesity at all even though Dr. Taunton had been treating Plaintiff for obesity and other doctors found it to be a significant factor in Plaintiff's health problems. (Doc. 12-2 at 28.)

The ALJ further noted Plaintiff's noncompliance with Drs. Hubbell's and Robinson's recommendations that she lose weight in order to provide pain relief and prevent progression of her degenerative disc disease. (*Id.*) Plaintiff asserts that this consideration of

her non-compliance violated Social Security Ruling 02-1p. (Doc. 20 at 4-5.) SSR 02-1p addresses whether and when noncompliance can be a basis for denying benefits *after* a finding of disability because of obesity has been made. SSR 02-1p, 67 Fed. Reg. 57859, 57864 (Sept. 12, 2002). Otherwise, SSR 02-1p provides guidance on appropriately considering obesity throughout the five-step disability determination. The Court finds that the ALJ followed SSR 02-1p's guidance and appropriately considered obesity in determining whether Plaintiff is disabled. (*See* Doc. 12-2 at 23.) The Court agrees with Judge Weigle's determination that substantial evidence supports the ALJ's determination. (Doc. 19 at 8.)

Therefore, for all of the above reasons, Plaintiff's Objection (Doc. 20) is **OVERRULED**, and U.S. Magistrate Judge Weigle's July 22, 2014 Recommendation (Doc. 19) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. The Commissioner's decision is hereby **AFFIRMED**.

**SO ORDERED**, this 2nd day of September, 2014.

>/s/ W. Louis Sands
>**W. LOUIS SANDS, JUDGE**
>**UNITED STATES DISTRICT COURT**